## WILLIAM SIMS v. THE STATE.

1. CRIMINAL LAW. *Former acquittal. Variance.*

    An acquittal because of a variance between the allegations of an indictment and the proof is not a bar to a second prosecution for the same offense.

2. INCEST. *Plea of former acquittal.*

    Where an indictment alleges incestuous intercourse with a daughter, and upon the trial the proof shows her to be a step-daughter, and for this variance an acquittal is had, a plea to a second indictment charging intercourse with the step-daughter, which sets up the former acquittal, constitutes no defense.

APPEAL from the circuit court of Tunica county.

HON. J. H. WYNN, Judge.

The case is shown in the opinion.

*J. B. Perkins*, for appellant.

The Emma Sims, being the same in both indictments, and the act being the same, sexual intercourse with Emma Sims was incest, whether she was his daughter or step-daughter. Code 1880, §§ 1146, 2701.

The record shows the first indictment, arraignment, and judgment of acquittal. The face of the two indictments shows that the offense charged is the same, and however informally the appeal is taken the appellant is entitled to his constitutional right to be tried but once for the same offense.

*T. M. Miller*, attorney-general, for the state.

The acquittal is admitted to have been on account of a variance between the allegations and the proof. By § 2998, of code 1880, it is provided that if a defendant is acquitted on the ground of variance, he may be tried and convicted upon a subsequent indictment for the offense actually committed.

Proof of sexual intercourse with Emma Sims, and that she was the step-daughter of defendant (that being the fact) could never have sustained the first indictment. On the facts he could never have been convicted under it, and consequently he was not in jeopardy on the real charge.

I am aware of no decisions holding a statute like ours unconstitutional. There can be no difference between a variance and other misdescription. And it is held that an acquittal on a former indictment on account of a misnomer is no bar. 1 Am. Cr. Law, § 556, and cases cited. A prisoner was tried for burning the barn of *Josiah* Thompson. The prosecutor testified that his name was *Josias* Thompson, and on that account the prisoner was acquitted. On being indicted for the burning of the barn of *Josias* Thompson, held he could not plead *autrefois acquit.* Ib.

See *Rex* v. *Cogan,* 2 Leach 503 ; *State* v. *McGraw,* 1 Walker 208.

The evidence necessary to support the present indictment could not have procured legal conviction upon the first. Therefore the plea is bad. Wharton Cr. Law, § 565.

ARNOLD, C. J., delivered the opinion of the court.

Appellant was indicted for unlawful cohabitation with his daughter, Emma Sims. On the trial, the proof showed that Emma Sims was his step-daughter, and not his daughter, and he was acquitted—the court instructing the jury, to acquit on account of the variance.

Afterward, appellant was indicted for the same act and offense, with Emma Sims, his step-daughter, and to this indictment he pleaded the former acquittal. The plea was held insufficient by the court and he was convicted and appealed, and assigns for error, the judgment of the court as to that plea.

As the acquittal on the first indictment resulted from a variance in the allegations of the indictment and the proof, the plea was not a bar to the second prosecution. If what was set out in the second indictment had been proved under the first, there could have been no conviction under the first, and, because this was so, the plea constituted no defense. 1 Bish. Cr. Law, § 1052 ; 1 Whart. Cr. Law, § 565 ; Code, § 2998.

*Affirmed.*